UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GILEAD SCIENCES, INC., | Case No. 5:13-cv-04057-BLF |
| Plaintiff, | **ORDER GRANTING-IN-PART MOTION TO COMPEL** |
| v. | |
| MERCK & CO., INC. et al., | **(Re: Docket No. 114)** |
| Defendants. | |

This case is about two patents that disclose and claim nucleoside analogs useful for treating patients suffering from Hepatitis C Virus infection. Plaintiff Gilead Sciences, Inc. moves to compel various discovery from Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp. and Isis Pharmaceuticals, Inc. Fact discovery is set to close on May 22, 2015.

The scope of discovery is set out in Fed. R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."[1]

---

[1] Fed. R. Civ. P. 26(b)(1).

1

Case No. 5:13-cv-04057-BLF
ORDER GRANTING-IN-PART MOTION TO COMPEL

The court nevertheless "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[2]

With these and all other applicable standards in mind, the court GRANTS-IN-PART Gilead's motion as follows:

(1) Gilead's interrogatory nos. 1, 4-5 seek post-filing evidence to show lack of enablement. Defendants are right that enablement is evaluated as of the filing date of the patent.[3] But post-filing evidence can still be used to show that as of the filing date, the claims were enabled.[4] While Defendants protest that *Plant Genetics* and its progeny addressed only publicly available articles, nothing in those cases turned on that fact. In any event, the undersigned's role at this stage of the case is not to decide this question of law, but rather, whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence."[5] Given the absence of any appellate or even district court authority suggesting the per se rule Defendants urge, Gilead has met its burden. Defendants shall supplement their interrogatory responses no later than April 30, 2015.

(2) The only Rule 30(b)(1) deponent still at issue is Dr. Eldrup. Whatever the scheduling challenges that Defendants face, there is no good reason to put off this deposition any longer. No later than April 30, 2015, Defendants shall provide a date for the deposition. To the extent either

---

[2] Fed. R. Civ. P. 26(b)(2)(C).

[3] *See Streck, Inc. v. Res. & Diag. Sys., Inc.*, 665 F.3d 1269, 1288 (Fed. Cir. 2012); *Ariad Pharms., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).

[4] *See Plant Genetic Sys., N.V. v. Dekalb Genetics Corp.*, 315 F.3d 1335, 1337 (Fed. Cir. 2003).

[5] Fed. R. Civ. P. 26(b)(1).

party needs to extend the discovery period to make this happen, a request (or, if unopposed, a stipulation) should be submitted for approval by the presiding judge.

(3) No later than April 30, 2015, Defendants shall complete the remainder of their document production related to MK-608 and any other lead compound for the treatment of HCV. This was the scope of production regarding Gilead's request nos. 46 and 49 to which the parties agreed. By this same date, Defendants shall complete their production of documents from the custodians Gilead previously identified.

All other relief requested by Gilead is DENIED.

**SO ORDERED.**

Dated: April 23, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge