John M. Farrell (CA Bar No. #99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Jonathan E. Singer (CA Bar No. #187908)
singer@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

Juanita R. Brooks (CA Bar No. #75934)
brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
GILEAD SCIENCES, INC.

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| GILEAD SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERCK & CO, INC., MERCK SHARP & DOHME CORP. and ISIS PHARMACEUTICALS, INC. <br><br> Defendants. | Case No. 5:13-cv-04057-BLF/PSG <br><br> **GILEAD SCIENCES, INC.'S STATEMENT IN OPPOSITION TO COUNTERCLAIMANTS' MOTION FOR SUMMARY JUDGMENT OF DIRECT, INDUCED AND CONTRIBUTORY INFRINGEMENT** <br><br> Date:  December 10, 2015 <br> Time: 9:00 a.m. <br> Place:  Courtroom 3, 5th Floor <br> Judge:  Honorable Beth Labson Freeman |

Plaintiff Gilead Sciences, Inc. ("Gilead") submits this statement in opposition to the motion for summary judgment of infringement filed by Counterclaimants Merck Sharp & Dohme Corp. ("MSD Corp.") and Isis Pharmaceuticals, Inc. ("Isis") (collectively "Merck").

That an invalid patent cannot be infringed is "a simple truth, both as a matter of logic and semantics." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015). As explained in Gilead's Motion for Summary Judgment of Invalidity, the two Merck patents-in-suit are invalid at least for failing to describe a practical utility for the claimed methods and compounds. [ECF No. 164-4.] No reasonable trier of fact could find otherwise. Merck's patents contain no data for any nucleoside compound and no evidence that any of the claimed nucleosides have anti-HCV effects. [*Id*. at 16–22.] Merck admits this. [ECF No. 165, Ex. 28 at RFA Nos. 132-140.] And its only attempt to deflect from the patents' inadequate disclosure—an argument that a skilled artisan could test the millions and billions of claimed compounds to determine whether they had utility against HCV—is wrong as a matter of law. *See In re '318 Patent Infringement Litig.*, 583 F.3d 1317, 1327 (Fed. Cir. 2009). There is no question that the patents-in-suit fail to satisfy the practical utility requirement of 35 U.S.C. § 112, and as such, Gilead has no liability for infringement. *Commil*, 135 S. Ct. at 1929. Gilead thus respectfully requests that the Court deny Merck's motion and not enter judgment of infringement.

Gilead has consistently explained that its defense to infringement is that the Merck patents are invalid. Indeed, Gilead has admitted that the chemical structures of the metabolites of its blockbuster HCV treatment, Sofosbuvir®, are depicted by the Markush structures of the asserted claims.[1] [*E.g.*, ECF No. 167-8, Ex. 6.] It could hardly be otherwise, given Merck's predatory claiming strategy that sought to patent the successful work of Pharmasset (Gilead's predecessor), rather than Merck's failed research efforts. [ECF No. 164-4 at 3-5.]

---

[1] In addition, Gilead has stipulated, based on court's claim construction (see ECF No. 140), which Gilead reserves the right to appeal, that Gilead had knowledge, as of the date of the launch of Sovaldi® and Harvoni®, that the use of Sovaldi® and Harvoni® in accordance with their respective labels resulted in use of the method defined by claims 1-2 of Merck's '499 patent and in use of compounds defined by claims 1-3, 5, 7, and 9-11 of Merck's '712 patent. [ECF No. 153.]

This incontrovertible link between the bases for invalidity and infringement weigh in favor of adjudicating the invalidity of the patents-in-suit and not entering judgment of infringement.  First, the Court should grant Gilead's motion for summary judgment of invalidity because no reasonable trier of fact could find that the patents-in-suit disclose a utility for the claimed compounds.  [*See* ECF No. 164-4.]  Upon finding the asserted claims invalid, the Court should deny Merck's motion for summary judgment because Gilead cannot and does not infringe Merck's invalid claims.  *Commil*, 135 S. Ct. at 1929; *see also Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 412 F.3d 1284, 1291 (Fed. Cir. 2005) (finding patents invalid on appeal and dismissing cross-appeal of non-infringement as moot "since there can be no contributory or induced infringement of invalid patent claims").  Judicial economy also favors deciding the validity of the asserted claims prior to determining infringement, as determining validity will simplify the issues and likely obviate the need to rule on Merck's motion.

Even if the Court identifies a factual dispute that precludes granting summary judgment of invalidity, it should withhold judgment regarding infringement until the jury considers the patents' invalidity.  *Recycling Scis. Int'l, Inc. v. Gencor Indus., Inc.*, No. 95 C 4422, 1999 WL 160060, at *13 (N.D. Ill. Mar. 12, 1999) ("For judicial economy, this court finds it appropriate to proceed to trial on the patent invalidity issue prior to a decision on the infringement issue presented by the parties.").  If the Court entered judgment of infringement before the jury determined the validity of the patents-in-suit, Merck would likely seek to tout such an infringement finding at trial, before the jury learns when, how, and why Merck obtained its claims, and why those claims have nothing to do with the patent specification.  That would severely prejudice Gilead's invalidity defenses.  For this additional reason, the appropriate course is for the Court or the jury to decide the validity of the patents-in-suit without the Court entering judgment of infringement beforehand.[2]

---

[2] For the same reasons, if the Court were to grant Merck's motion for summary judgment of infringement, Gilead respectfully requests that the Court not allow Merck to present that judgment to the jury.

1  Gilead therefore respectfully respects that this Court deny Merck's motion for summary
2  judgment of infringement.
3
4  Dated:  November 12, 2015                    FISH & RICHARDSON P.C.
5                                                By:  /s/ Douglas E. McCann
                                                      Douglas E. McCann
6
7                                                Attorney for Plaintiff
                                                 GILEAD SCIENCES, INC.
8  *Additional counsel:*
9  Douglas E. McCann (*Pro Hac Vice*)
   dmccann@fr.com
10 Gregory R. Booker (*Pro Hac Vice*)
   booker@fr.com
11 Robert M. Oakes (*Pro Hac Vice*)
   oakes@fr.com
12 Elizabeth M. Flanagan (*Pro Hac Vice*)
13 eflanagan@fr.com
   Joseph B. Warden (*Pro Hac Vice*)
14 warden@fr.com
   FISH & RICHARDSON P.C.
15 222 Delaware Avenue, 17th Floor
   Wilmington, DE  19801
16 Telephone:  (302) 652-5070
17 Facsimile:  (302) 652-0607
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 12, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-1(h)(1).

       /s/    Douglas E. McCann
          Douglas E. McCann