UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILEAD SCIENCES, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>MERCK & CO, INC., et al.,<br><br>  Defendants. | Case No. 5:13-cv-04057-BLF<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**(Re: Docket No. 158)** |

Proportionality in discovery under the Federal Rules is nothing new. Old Rule 26(b)(2)(C)(iii) was clear that a court could limit discovery when burden outweighed benefit, and old Rule 26(g)(1)(B)(iii) was clear that a lawyer was obligated to certify that discovery served was not unduly burdensome. New Rule 26(b)(1), implemented by the December 1, 2015 amendments, simply takes the factors explicit or implicit in these old requirements to fix the scope of all discovery demands in the first instance.

What will change—hopefully—is mindset. No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.[1] The present dispute offers a good example of the wisdom of the Advisory Committee on Civil Rules in elevating proportionality in defining the scope of permissible discovery.

Merck asserts that Gilead infringes two of its patents to a certain kind of nucleoside

---

[1] *See* Fed. R. Civ. P. 26(b)(1).

1

Case No. 5:13-cv-04057-BLF
ORDER DENYING MOTION TO COMPEL

analog.[2] Among other things, Gilead says it was the one to conceive and reduce to practice the inventions, in 2003, in a compound named PSI-6130.[3] And so a key issue in this case is what did Gilead synthesize and when did it know it.

As part of a related litigation in Canada, Gilead's expert Dr. Christopher Seeger produced a photograph of various tubes of compounds.[4] At least one of the tube labels lists a molecular weight of 259.2, the weight of PSI-6130.[5] In a later deposition in this case, Seeger testified that he got the compounds before 2003 from the founder of an entity later acquired by Gilead.[6] Given the importance of figuring out when Gilead first synthesized the disputed compound, Merck immediately demanded further production of further information about the tubes and their contents, including the tubes themselves.[7] At this point, Merck would seem to be on solid ground in making its demands.

But lots of compounds share the same molecular weight. In fact, Merck's own patents list different nucleosides that share the same molecular weight.[8] Most importantly, Merck has long had information from Gilead that confirms that the tubes in question held PSI-0194 and PSI-1834, two entirely different nucleosides from PSI-6130.[9] This information includes the laboratory notebook from the chemist at the Gilead acquisition that identifies the compounds as PSI-0194

---

[2] *See* Docket No. 158 at 4-5.

[3] *See id.*

[4] *See id.* at 8.

[5] *See id.*

[6] *See id.* at 9.

[7] *See id.* at 11. Merck also demanded a further deposition of another witness, Dr. John Secrist, but has since dropped that demand. *See id.* at 23; Docket No. 180-4 at 10-11.

[8] *See* Docket No. 173 at 16 n.57.

[9] *See id.* at 12

2

Case No. 5:13-cv-04057-BLF
ORDER DENYING MOTION TO COMPEL

and not PSI-6130.[10]  Gilead also provided a further letter from Seeger's source that confirmed that the compounds were not PSI-6130, the compound Merck sought.[11]  Not satisfied, Merck presses on, protesting that it should not have to take Gilead's word as to what exactly is in those tubes.

Merck's demands are exactly the type of disproportionate demands that Rule 26(b)(1) proscribes.  Sure, it's possible that Gilead's evidence confirming the compounds are not PSI-6130 is false and even concocted.  But Merck offers no real evidence that this is the case, and as the court recently explained in denying a motion to compel by Gilead, "[w]ithout more specific information triggering some reason for doubt, the Court must take the producing party . . . at its word."[12]

And so that leaves Gilead in the position of having to produce discovery on all sorts of compounds that bear no indication of any nexus to the disputes in this case.  This is untenable.  It would be like requiring GM to produce discovery on Buicks and Chevys in a patent case about Cadillacs simply because all three happen to be cars.  In the absence of any reason to doubt the proof Gilead has tendered about the identity of the disputed compounds, and given the cost and potential delay introduced by the requested production, Merck's request is precisely the kind of disproportionate discovery that Rule 26—old or new—was intended to preclude.[13]

Merck's motion to compel is DENIED.

---

[10] *See* Docket No. 159-40.

[11] *See* Docket no. 173 at 3-4.

[12] Docket No. 210 at 8 (quoting *Aristocrat Techs. v. Int'l Game Tech.*, Case No. C 06-03717 RMW (RS), 2009 WL 3573327, at *3 (N.D. Cal. Oct. 30, 2009)).

[13] Merck also argues that the requested discovery is relevant to impeaching Seeger's credibility.  *See* Docket No. 180-4 at 7.  However, in making this point, Merck refers to documents produced by Gilead to point out inconsistencies with Seeger's deposition testimony.  *See id.*  In other words, Merck's papers show that it already has the material it needs to challenge Seeger's credibility, and the further discovery it seeks would be cumulative and disproportionate to the needs of the case.

3
Case No. 5:13-cv-04057-BLF
ORDER DENYING MOTION TO COMPEL

1  **SO ORDERED.**

2  Dated: January 13, 2016

3                                       PAUL S. GREWAL

4                                       United States Magistrate Judge

4

Case No. 5:13-cv-04057-BLF
ORDER DENYING MOTION TO COMPEL