John M. Farrell (CA Bar No. #99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Jonathan E. Singer (CA Bar No. #187908)
singer@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

Juanita R. Brooks (CA Bar No. #75934)
brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
GILEAD SCIENCES, INC.
*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| GILEAD SCIENCES, INC., | Case No. 5:13-cv-04057-BLF/PSG |
| Plaintiff and Counterdefendant, | **GILEAD'S [PROPOSED] INSTRUCTION NO. 24 RE ENABLEMENT** |
| v. | |
| MERCK & CO, INC. (Defendant only), MERCK SHARP & DOHME CORP. and ISIS PHARMACEUTICALS, INC., | |
| Defendants and Counterclaimants. | |

**DISPUTED INSTRUCTION NO. 24 RE ENABLEMENT PROPOSED BY GILEAD**

A patent claim is invalid if the patent at the time it was filed did not contain a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the field at the time to make and use the full scope of the invention.  This is known as the "enablement" requirement.  The purpose of the enablement requirement is to ensure that the public knowledge is enriched by the patent specification to a degree at least commensurate with the scope of the claims.  As such, the specification must teach those of skill in the art how to make and how to use the invention as broadly as it is claimed.

The patent is not required to disclose information that would be known to persons of skill in the art.  The patent may be enabling even though it does not expressly state some information if a person of ordinary skill in the field of the patent could make and use the invention without having to do excessive experimentation.  In determining whether excessive experimentation is required, you may consider the following factors:

the scope of the claimed invention;

the amount of guidance presented in the patent;

the amount of experimentation necessary;

the time and cost of any necessary experimentation;

how routine any necessary experimentation is in the field;

whether the patent discloses specific working examples of the claimed invention;

the nature and predictability of the field; and

the level of ordinary skill in the field.

The enablement requirement is met if the specification enables any mode of making and using the invention, provided that the full scope of the invention is enabled.  The patent need not enable an optimized or commercially viable process or method of practicing the invention unless the claims specify that the invention is directed at an optimized or commercially viable process.  Nor must the patent enable a person of skill in the art to obtain regulatory approval of the claimed invention, such as approval from the FDA to sell a pharmaceutical product For a patent to satisfy the enablement

1  requirement, the patent's disclosure need not show that the claimed invention is commercially

2  viable or eligible for FDA approval.

3      The "how to use" prong of the enablement requirement further requires that the specification

4  disclose a practical utility for the invention.  In other words, the specification must disclose a

5  practical use for the invention.

6      The question of whether a patent is enabling is judged as of the date the application for the

7  patent was first filed, in this case January 18, 2002.

8

Gilead's position:

9  Gilead's additional proposed language to the first paragraph is taken from *National Recovery Technologies, Inc. v. Magnetic Separation Systems, Inc.*, 166 F.3d 1190, 1195-96 (Fed. Cir. 1999).

10  Gilead proposes adding this language to explain the purpose of the enablement requirement, similar to the language included in the first paragraph of the written description instruction that explains the

11  purpose of that requirement.

12  Rather than using Merck's proposed instruction that "[t]he patent need not enable an optimized or commercially viable process or method of practicing the invention unless the claims specify that the

13  invention is directed at an optimized or commercially viable process.  Nor must the patent enable a person of skill in the art to obtain regulatory approval of the claimed invention, such as approval

14  from the FDA to sell a pharmaceutical product," Gilead proposes here more neutral and streamlined language to address those concepts that does not use two sentences to overemphasize things that are

15  not required for enablement.  For example, attached are two demonstrative excerpts disclosed by Merck for use with their experts, where it is apparent that Merck intends to unduly emphasize both

16  of these points in their testimony.

17  Merck's proposed instruction that "[t]he enablement requirement is met if the specification enables any mode of making and using the invention" is also inappropriate and unnecessary.  If that

18  language appears in the instruction, Merck is likely to argue that enablement of a single embodiment would be sufficient to enable the claim.  While Gilead disputes that the specification

19  enables even that, Merck's argument on that issue would be incorrect as a matter of law.  *See In re Vaeck*, 947 F.2d 488, 495-96 (Fed. Cir. 1991) ("[T]here must be sufficient disclosure, either through

20  illustrative examples or terminology, to teach those of ordinary skill how to make and how to use the invention as broadly as it is claimed. This means that the disclosure must adequately guide the

21  art worker to determine, without undue experimentation, which species among all those encompassed by the claimed genus possess the disclosed utility.").  Merck's language on "any

22  mode of making and using" comes from *Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342 (Fed. Cir. 1998).  In that case, the claims recited a genus of antibodies.  The specification disclosed

23  one method for producing antibodies.  That method could be used to produce many different antibodies within the scope of the claims.  That case is distinguishable from the situation here,

24  where Merck's specification fails to disclose a single example of a compound failing within the scope of the claims or data for any compound within the scope of the claims.

25

26

27

28