1   John M. Farrell (CA Bar No. #99649)
    farrell@fr.com
2   FISH & RICHARDSON P.C.
    500 Arguello Street, Suite 500
3   Redwood City, CA 94063
    Telephone:  (650) 839-5070
4   Facsimile:  (650) 839-5071

5   Jonathan E. Singer (CA Bar No. #187908)
    singer@fr.com
6   FISH & RICHARDSON P.C.
    3200 RBC Plaza
7   60 South Sixth Street
    Minneapolis, MN 55402
8   Telephone:  (612) 335-5070
    Facsimile:  (612) 288-9696
9
    Juanita R. Brooks (CA Bar No. #75934)
10  brooks@fr.com
    FISH & RICHARDSON P.C.
11  12390 El Camino Real
    San Diego, CA 92130
12  Telephone: (858) 678-5070
    Facsimile: (858) 678-5099
13
    Attorneys for Plaintiff
14  GILEAD SCIENCES, INC.

15

16                    **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
17                          **(SAN JOSE DIVISION)**

18   GILEAD SCIENCES, INC.,                    Case No. 5:13-cv-04057-BLF/PSG

19              Plaintiff and Counterdefendant,

20        v.                                   **GILEAD'S BRIEF ON THE
                                               AVAILABILITY OF A LUMP SUM
21   MERCK & CO, INC. (Defendant only), MERCK  ROYALTY**
     SHARP & DOHME CORP. and ISIS
22   PHARMACEUTICALS, INC.,

23              Defendants and Counterclaimants.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Federal Circuit has expressly held that a jury is permitted to award, as damages, a lump-sum royalty compensating for both past and future infringement through the life of a patent.  The Federal Circuit has similarly rejected the argument that a plaintiff necessarily has an equitable claim to separately recover for future infringement.  This Court should, therefore, adopt the Northern California Model Patent Jury Instruction on reasonable royalty damages, which correctly instructs the jury that it may award a lump sum representing payment for a "license covering all sales of the licensed product both past and future."  This Court should, likewise, decline to include an additional instruction that the jury is only being asked to award damages through December 31, 2015.

I.      BACKGROUND

During the March 4, 2015, jury instruction conference, Gilead asked this Court to adopt the Northern District of California Model Patent Jury Instruction B.5.7 for "Damages– Reasonable Royalty."[1]  Merck asked, instead, that the Court include a different instruction deviating significantly from the model.[2]  After the Court indicated that it was inclined to substantially follow the model, Merck requested the addition to the model of an instruction that the jury is "only being asked to assess damages occurring up until December 31, 2015."  Gilead opposed the inclusion of that instruction because, under the law, a jury may award lump sum damages that would be compensation for a license covering the life of the patents.  Gilead stated that it would agree to a jury instruction that any running royalty award would be only through December 31, 2015, but would not agree to an instruction that a lump sum award could only be for the period ending December 31, 2015.  Gilead's position was supported by the language of the Northern District of California Model Instruction, which states: "Another way to calculate a royalty is to determine a one-time lump sum payment that the infringer would

---

[1]      The parties jointly agreed that the paragraph from the model instruction regarding a per-unit royalty could be deleted, as neither side believes that a per-unit royalty would be the appropriate form of damages.

[2]      *Compare* ECF 245-1 at 79, *with id.* at 81.

1  have paid at the time of the hypothetical negotiation *for a license covering all sales of the*

2  *licensed product both past and future*."[3]

3       In response, Merck argued that, under 35 U.S.C. § 284, the jury is only empowered to

4  award damages for past infringement and, thus, cannot award a lump sum that covers any

5  future period.  Merck also argued that compensation for future infringement falls exclusively

6  within the equitable power of the Court.  Merck finally argued that a lump sum award covering

7  the life of the patent can be awarded *only* if the patent-holder consented to it, which Merck

8  does not.  Merck did not cite any cases supporting its position or and suggesting that the

9  Northern District of California Model instruction is not a correct statement of the law.

10       In response to the arguments presented by the parties, this Court asked for briefing on

11  the question of whether the jury is empowered to award lump sum damages covering the life of

12  a patent.  As discussed below, the Federal Circuit has given a plain answer to this question,

13  holding that a jury may award a lump sum covering both past and future infringement through

14  the life of a patent and that a plaintiff is not guaranteed any equitable right to separate recovery

15  for future infringement.

## II.    ARGUMENT

### A.    Juries are empowered to award lump sum damages compensating for both past and future infringement through the life of a patent

In *Summit 6, LLC v. Samsung Electronics Co.*, 802 F.3d 1283 (Fed. Cir. 2015), the

Federal Circuit rejected precisely the argument Merck made during the jury instruction

conference and held that a jury is permitted to award a lump-sum royalty compensating "for

both past and future infringement through the life of the patent." *Id.* at 1301.  In that case, after

a finding of infringement, the jury awarded damages of $15 million and "indicated on the

verdict form that this was a lump sum award." *Id.* at 1289.  After trial, the district court

"denied [plaintiff's] request for an ongoing royalty" because the court determined "that the jury

verdict represent[ed] an amount of a lump-sum license through the life of the patent and

---

[3]   N.D. Cal. Model Patent Jury Instr. B.5.7 (emphasis added).

Gilead's Brief on the Availability of a Lump Sum Royalty           Case No. 5:13-cv-04057-BLF/PSG

compensate[d] [plaintiff] for both past and future infringement." *Id.* at 1300-01.  On appeal, the plaintiff challenged the district court's denial of its request for an ongoing royalty arguing—as Merck does—that "its equitable claim for future damages is not an issue for the jury" and that "it is entitled to recover damages for future infringement." *Id.*  The Federal Circuit disagreed, explaining that although previous Federal Circuit decisions had not "directly addressed whether a jury can award lump-sum damages through the life of the patent," those decisions "permitted such relief."[4]  *Id.*  The court then evaluated the trial evidence and the jury's verdict and determined that "the jury award compensated [plaintiff] for both past and future infringement through the life of the patent." *Id.* at 1300-01.  As a result, the court held there was "no basis to disturb the district court's determination." *Id.* at 1301.

Similar decisions have been issued by district courts in this circuit and elsewhere.  In *Fleming v. Escort, Inc.*, No. 12-CV-066-BLW, 2013 WL 3995259 (D. Ida. Aug. 5, 2013), a jury awarded lump sum damages of $750,000.  *Id.* at *2.  Although the verdict form did not expressly state whether that lump sum award covered past and future use of the patented technology, the "lump sum" instruction given to the jury stated that the jury could award a "one-time lump sum payment that the infringer would have paid, and the patentee would have accepted, at the time of the hypothetical negotiation for a license ***covering all sales of the licensed product both past and future***." *Id.* at *2-3 (emphasis in original).  Accordingly, the court held that "the jury's verdict, when read together with the jury instructions, demonstrates that the jury's verdict was intended to require [defendant] to pay $750,000 for a paid-up license

---

[4]    Specifically, the court considered the decision in *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, 612 F.3d 1365 (Fed. Cir. 2010), which considered whether the damages awarded in that case compensated for past infringement only or for past infringement and future infringement.  *Id.* at 1378.  Because the answer in that case was "unclear," the court left the district court's determination that the verdict covered only past infringement undisturbed, explaining that "[d]istrict courts have broad discretion to interpret an ambiguous verdict form" and "[t]he district court was in a position to assess whether the verdict figure represented past infringement as well as ongoing infringement." *Id.*
     The Court also cited the decision in *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10 (Fed. Cir. 2012), which held that a trial court has discretion as to whether to award any post-verdict relief for ongoing infringement and "can exercise its discretion to conclude that no forward-looking relief is appropriate in the circumstances." *Id.* at 35.

Gilead's Brief on the Availability of a Lump Sum Royalty                    Case No. 5:13-cv-04057-BLF/PSG

covering all past and future use of the technology." *Id.* at *4. The court, thus, held that the plaintiff was not entitled to receive any further damages. *Id.* Notably, the jury instruction given in *Fleming* was "from the Model Patent Jury Instructions (§5.7) for the Northern District of California," and is the precise instruction that Gilead proposes be given here. *Id.* at *3.

The decision in *Personal Audio, LLC v. Apple Inc.*, No. 9:09CV111, 2011 WL 3269330 (E.D. Tex. July 29, 2011), also confirms that a patent-holder need not consent in order for the jury to award lump sum damages covering the life of the patent.[5] In that case, plaintiff sought "damages in the form of a per unit running royalty for both past and future infringing sales," whereas the defendants advocated for damages "in the form of a lump sum." *Id.* at *1. In response to those competing positions, the jury was provided with a verdict form that "allowed the jury to elect between a per unit running royalty and a lump sum royalty to cover 'all past and future sales of [defendant's] products.'" *Id.* at *4. After a verdict of infringement, the jury awarded lump sum damages of $8 million. *Id.* The court held that "the jury's selection of lump sum as the appropriate form of reasonable royalty clearly represents a damages award giving [defendant] a fully paid up license that covers all past and future use of the patented technology." *Id.* at *5. Notably, because there were a very large number of accused products in the case, the court had elected to simplify the presentation of evidence by holding two trials, each addressing infringement by a subset of the accused products. *Id.* at *2. Following the jury's damages award in the first trial, however, the court declined plaintiff's request to schedule the previously planned-for second trial because the jury's damages award constituted a "fully paid up license."[6] *Id.* at *5, 14.

---

[5]  *Summit 6* similarly demonstrates that a patent-holder need not consent to a lump sum royalty. In *Summit 6*, although the plaintiff's expert "admitted that a lump-sum award would compensate [plaintiff] through the life of the patent," the plaintiff did not consent to such an award, advocating, instead, for a royalty of "$0.28 per phone." 802 F.3d 1289, 1301. It was defendants' expert who opined that "no company would agree to pay a running royalty on a phone," and that "a proper royalty would be $1.5 million lump sum." *Id.* at 1289. As discussed above, the jury awarded a lump sum, and the Federal Circuit affirmed the district court's decision that the award "represent[ed] an amount of a lump-sum license through the life of the patent that compensates [plaintiff] for both past and future infringement." *Id.* at 1300-01.

[6]  In each of the cases described herein, the jury's verdict form included only a lump sum

1

**B.      The jury will be presented with evidence from which it could conclude that a lump sum award is appropriate**

2   In this case, evidence will be presented that Merck performed its own calculations of

3   the net present value of a license to Merck's patent for the entire life of the patent.  For

4   example, an internal Merck presentation discussing Merck's consideration of an acquisition of

5   Pharmasset stated that, in the event that Merck did not purchase Pharmasset, the "value of

6   potential 3% royalty for unblocking license is $347 million."[7]  Merck's calculation of the

7   lifetime-value of that license is evidence from which the jury could calculate "a one-time lump

8   sum payment that the infringer would have paid at the time of the hypothetical negotiation for a

9   license covering all sales of the licensed product both past and future."[8]  Gilead will present

10  that evidence, as well as similar evidence demonstrating Merck's net present lifetime-valuation

11  of the Merck-Roche license agreement relating to compound RG-7128, which is the principal

12  piece of evidence relied upon by Merck to support its damages claim in this case.  The jury will

13  have ample evidence from which it could award a lump-sum royalty covering both past and

14  future sales of the accused products.

15  **III.      CONCLUSION**

16  For the foregoing reasons, Gilead respectfully requests that this Court adopt the

17  Northern California Model Patent Jury Instruction on reasonable royalty damages, without the

18  inclusion of an additional instruction that the jury is only being asked to award damages

19  through December 31, 2015.

20  Dated:  March 14, 2016                              FISH & RICHARDSON P.C.

21                                                       By:  */s/ Douglas E. McCann*

22                                                            Douglas E. McCann

23                                                       Attorneys for Plaintiff
                                                         GILEAD SCIENCES, INC.

24

25

26  amount—not a royalty rate—which refutes the argument made by Merck that the jury is
    required to identify a royalty rate on the verdict form.

27  [7] EX-77 at 44.

    [8] N.D. Cal. Model Patent Jury Instr. B.5.7.

28

Gilead's Brief on the Availability of a Lump Sum Royalty          Case No. 5:13-cv-04057-BLF/PSG