| | |
|---|---|
| John M. Farrell (CA Bar No. #99649)<br>farrell@fr.com<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071<br><br>Jonathan E. Singer (CA Bar No. #187908)<br>singer@fr.com<br>FISH & RICHARDSON P.C.<br>3200 RBC Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 335-5070<br>Facsimile: (612) 288-9696<br><br>Juanita R. Brooks (CA Bar No. #75934)<br>brooks@fr.com<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Attorneys for Plaintiff<br>GILEAD SCIENCES, INC.<br>*Additional counsel listed on signature page* | Stephen S. Rabinowitz<br>stephen.rabinowitz@hugheshubbard.com<br>Patrice P. Jean (Pro Hac Vice)<br>patrice.jean@hugheshubbard.com<br>Mitchell Epner (Pro Hac Vice)<br>mitchell.epner@hugheshubbard.com<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 299-6807<br><br>Bruce R. Genderson (Pro Hac Vice)<br>bgenderson@wc.com<br>Jessamyn S. Berniker (Pro Hac Vice)<br>jberniker@wc.com<br>Stanley E. Fisher (Pro Hac Vice)<br>sfisher@wc.com<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br><br>Joshua H. Lerner (SBN 220755)<br>jlerner@durietangri.com<br>Laura E. Miller (SBN 271713)<br>lmiller@durietangri.com<br>DURIE TANGRI LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>Telephone: 415-362-6666<br>Facsimile: 415-236-6300<br><br>*Attorneys for Defendants*<br>*MERCK & CO., INC., MERCK SHARP &*<br>*DOHME CORP. and IONIS*<br>*PHARMACEUTICALS, INC.* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| GILEAD SCIENCES, INC.,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>MERCK & CO, INC., (Defendant only),<br>MERCK SHARP & DOHME CORP. and ISIS<br>PHARMACEUTICALS, INC.<br><br>    Defendants and Counterclaimants. | Case No. 5:13-cv-04057-BLF/PSG<br><br>[PROPOSED] **STIPULATION RE SCHEDULE FOR MOTIONS AND BRIEFING ON JUDGMENT AS A MATTER OF LAW** |

Pursuant to Civil L.R. 6-2 and 7-12 and Fed. R. Civ. P. 6(b), Plaintiff and Counterdefendant Gilead Sciences, Inc. ("Gilead") and Defendants and Counterclaimants Merck & Co., Inc. (Defendant only), Merck Sharp & Dohme Corp., and Ionis Pharmaceuticals, Inc. (collectively, "Merck") hereby request that this Court set a modified schedule for briefing on Gilead's forthcoming motion for judgement as a matter of law with respect to its derivation and prior invention defenses that is consistent with the schedule for the other post-trial briefing in the case.  In support of the parties' stipulated request, the parties state as follows:

1. Under Federal Rule of Civil Procedure 50(b), renewed motions for judgment as a matter of law must be filed "no later than 28 days after the entry of judgment," except that "if the motion addresses a jury issue not decided by a verdict," the motions must be filed "no later than 28 days after the jury was discharged."

2. The parties disagree about whether Gilead's forthcoming renewed motion for judgment as a matter of law with respect to its defenses of derivation and prior invention could be due "no later than 28 days after the jury was discharged."  As described in the accompanying declaration of Joseph B. Warden, it is Gilead's view that, because the jury was instructed to skip the questions regarding derivation and prior invention after deciding that Gilead had not proven its written description and enablement defenses, (Dkt. No. 388), derivation and prior invention could be considered "jury issue[s] not decided by a verdict."  Accordingly, it is Gilead's view that its motion for judgment as a matter of law with respect to those issues could be due on April 21, 2016—28 days after the jury was discharged.  To preserve its rights, therefore, Gilead intends to file its motion with respect to the defenses of derivation and prior invention on or before April 21, 2016.

3. Merck and Ionis disagree with Gilead's view and believe that the Court ruled that if Gilead failed to prove its written description or enablement defenses, as a matter of law there could be no derivation or prior invention in this case, and that the Court instructed the jury accordingly.  (Dkt. 352 at 32, 33).  Although Merck and Ionis do not agree that it is necessary or proper for Gilead to file its motion on April 21, 2016, to avoid burdening the Court with a dispute about whether Gilead can file the motion, Merck and Ionis do not oppose Gilead's filing

of the motion on April 21, 2016 to preserve Gilead's position.

4. To facilitate simultaneous briefing on all motions, the parties agree, subject to this Court's approval, that if Gilead files its motion with respect to its defenses of derivation and prior invention on or before April 21, 2016, Gilead may file its motion without briefing and briefing on that motion may be subsequently submitted on the same schedule with briefing on the other post-trial motions after entry of judgment.

5. The parties have not previously modified the schedule for any post-trial motions.

6. These changes will not alter the date of any other event or deadline already fixed by Court order.

For the foregoing reasons, the parties respectfully request that this Court order that Gilead may file its motion for judgment as a matter of law with respect to derivation and prior invention on or before April 21, 2016, without briefing, and that briefing on that motion may be subsequently submitted on the same schedule with briefing on the other post-trial motions after entry of judgment.

Dated: April 14, 2016             FISH & RICHARDSON P.C.

                                  By: /s/ *Joseph B. Warden*

                                  Attorneys for Plaintiff
                                  GILEAD SCIENCES, INC.


Dated: April 14, 2016             WILLIAMS & CONNOLLY LLP

                                  By: /s/ *Stanley Fisher*

                                  Attorneys for Defendant
                                  MERCK & CO., INC. and Defendants and
                                  Counterclaimants MERCK SHARP &
                                  DOHME CORP. and ISIS
                                  PHARMACEUTICALS, INC.

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5.1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from its signatory.

/s/      Joseph B. Warden

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: April 14, 2016

Honorable Beth Labson Freeman