**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GILEAD SCIENCES, INC., | Case No.  13-cv-04057-BLF |
| Plaintiff, | |
| v. | **ORDER REGARDING GILEAD'S ENTITLEMENT TO ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285** |
| MERCK & CO, INC., et al., | |
| Defendants. | [Re:  ECF 434] |

Before the Court is Gilead's motion for attorneys' fees pursuant to 35 U.S.C. § 285.  At the August 4, 2016 hearing on the motion, the Court informed the parties that it would first decide Gilead's entitlement to attorneys' fees and if warranted, would allow the parties to submit further briefing on the amount of attorneys' fees.  For the reasons stated below, the Court finds Gilead is entitled to attorneys' fees under 35 U.S.C. § 285.

I.   **BACKGROUND**

The facts are well known to the parties and the Court need not recite them in detail here. *See Gilead Scis., Inc. v. Merck & Co, Inc.*, Case No. 13-cv-04057-BLF, 2016 WL 3143943, at *1-21 (N.D. Cal. June 6, 2016) (discussing history of this litigation).  In brief, based on the Court's claim construction, Gilead conceded that it infringed Merck's U.S. Patents Nos. 7,105,499 (the "'499 Patent") and 8,481,712 (the "'712 Patent").  Gilead's Opp. to SJ at 1, ECF 175.  This matter proceeded to a jury trial on the issue of whether the '499 and '712 Patents were invalid.  ECF 305, 306, 307, 324, 325, 327, 348, 349.  On March 22, 2016, the jury found the patents were not invalid, and on March 26, 2016, the jury awarded Merck $200 million in damages.  Verdict Phase 1, ECF 388; Verdict Phase 2, ECF 392.

Thereafter, the Court held a bench trial on Gilead's equitable defenses of unclean hands

and waiver.  ECF 401.  The Court determined that Gilead had not proven its defense of waiver, *Gilead*, 2016 WL 3143943, at *23, but that based on Merck's numerous unconscionable acts, including lying, unethical business conduct, and litigation misconduct, the doctrine of unclean hands barred Merck from asserting the '499 and '712 Patents against Gilead, *id*. at *23-*39. Gilead now seeks attorneys' fees.

II.   **LEGAL STANDARD**

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  In *Octane Fitness*, the Supreme Court explained that an exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Octane Fitness*, 134 S. Ct. at 1756; *see also Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011) ("[W]e are mindful that the district court has lived with the case and the lawyers for an extended period.").  In considering the totality of the circumstances, the Supreme Court suggested that district courts could consider 'nonexclusive' factors it previously set forth concerning a similar provision in the Copyright Act, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Octane Fitness*, 134 S. Ct. at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence.  *Id*. at 1758.

III.   **DISCUSSION**

Merck does not dispute that Gilead is the prevailing party and that the circumstances of this case are "exceptional."[1]  Opp. 1, ECF 444.  Merck, however, argues that Gilead should not be

---

[1] The Court recognizes that Merck intends on appealing the order on unclean hands, and acknowledges that Merck reserves the right to contest whether this case is exceptional should that

United States District Court
Northern District of California

United States District Court
Northern District of California

1  awarded attorneys' fees because the Court has already precluded Merck from recovering $200

2  million from Gilead's past infringement of the '499 and '712 Patents and recovering a running

3  royalty for any future infringement.  *Id*. at 3.  According to Merck, this judgment substantially

4  punishes its past and deters any future egregious misconduct, while also substantially

5  compensating Gilead.  *Id*.  Gilead responds that Merck should not be able to avoid an award of

6  attorneys' fees simply because its misconduct impacted the judgment.  Reply 5, ECF 450.

7      In determining whether to award Gilead fees, the Court must determine whether the main

8  purpose behind § 285 is to deter misconduct.  In *Kilopass Tech*, the Federal Circuit analyzed the

9  statutory and legislative history of the § 285 and stated that "it is clear that the aim of § 285 is to

10  compensate a defendant for attorneys' fees it should not have been forced to incur."  *Kilopass*

11  *Tech. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013).  Although *Kilopass* was decided

12  before the Supreme Court's decision in *Octane Fitness*, the Court finds its reasoning consistent

13  with *Octane Fitness*.  If § 285 were designed solely as a penalty provision, Merck's argument that

14  foregoing the $200 million jury verdict and future royalties provides a more than adequate

15  deterrent effect might be persuasive.  It is, however, more akin to a fee shifting mechanism in

16  exceptional cases while enhanced damages under § 284 are solely punitive.  *See, e.g., Nilssen v.*

17  *Wal-Mart Stores, Inc.*, Case No. 04-cv-5363, 2008 WL 5087967, *2 (N.D. Ill. Nov. 24, 2008),

18  *aff'd without opn.*, 2010 WL 1804138 (Fed. Cir. May 6, 2010) (*nonprecedential*) ("With respect to

19  the exercise of discretion in awarding fees, plaintiffs complain that they have been punished

20  enough…This argument loses sight of the primary purpose of § 285 litigation: to compensate

21  defendants who are forced to incur significant expenses in the defense of cases that never should

22  have been brought in the first place."); *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll.*

23  *Sav. Bank*, 527 U.S. 627, 648 n.11 (1999) (describing § 284 as "punitive damages").  Looked at

24  this way, the Court finds that the case is exceptional and thus, Gilead is entitled to relief from its

25  hefty fee obligation incurred in defending this case.

26      Furthermore, in *Octane Fitness*, the Supreme Court highlighted a non-exclusive list of

27

28  order be changed on appeal.  Opp. 1, ECF 444.

United States District Court
Northern District of California

1  factors from the copyright context to determine whether a case was exceptional.  *Octane Fitness*,

2  134 S. Ct. at 1756 n.6.  In some cases, the Court noted the need to advance considerations of

3  compensation *and* deterrence.  *Id.* (emphasis added).  Merck's position would serve to emphasize

4  deterrence at the expense of compensation and force Gilead to be liable for defending an action in

5  which the record demonstrated egregious misconduct.  By awarding Gilead attorneys' fees, both

6  considerations of compensation and deterrence are advanced, consistent with *Octane Fitness* and §

7  285.[2]

8  IV.    **ORDER**

9        For the foregoing reasons, IT IS HEREBY ORDERED that Gilead's motion for attorneys'

10  fees is GRANTED.  The parties shall meet and confer on a reasonable and appropriate briefing

11  schedule regarding the amount of fees that should be awarded to Gilead.  The parties shall submit

12  a proposed stipulated briefing schedule on or before August 18, 2016.

13        **IT IS SO ORDERED.**

14  Dated: August 11, 2016

15

16  BETH LABSON FREEMAN
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27  [2] Since the purpose of § 285 is to compensate a party for incurring legal fees, the Court leaves
   open the question of whether Gilead should be compensated at the lodestar amount or at the
28  amount it actually spent on attorneys' fees.