# EXHIBIT E

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JESSICA RYDSTROM
(202) 434-5567
jrydstrom@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 11, 2016

BY EMAIL

Joseph B. Warden
Fish & Richardson
222 Delaware Avenue
17th Floor, P.O. Box 1114
Wilmington, DE

    Re:    <u>Gilead Sciences, Inc. v. Merck & Co, Inc., et al., No. 5:13-cv-4057 (N.D. Cal.)</u>

Dear Joseph:

    I write to convey Defendants Merck & Co., Inc., Merck Sharp & Dohme, Inc., and Ionis Pharmaceuticals, Inc.'s (collectively "Merck's") updated position on the amount of fees that Gilead Sciences, Inc.'s ("Gilead") has requested in this case for work performed by Fish & Richardson. This letter identifies Merck's objections and the accompanying reductions that Merck seeks. We have endeavored to be as specific as possible with our objections. However, because Gilead's $15+ million request for fees is "a massive fee application," it is not always possible or efficient to engage in an hour-by-hour reasonableness analysis and, where appropriate, the Court is permitted to make across-the-board, percentage reductions. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399-1402 (9th Cir. 1992). In some areas, we believe general objections and reductions are all that is feasible for the parties and the Court to entertain.

    Subject to change based on Gilead's updated fee application, our objections are organized in the following manner. First, we present our objections and proposed reductions based upon the Court's requested tables summarizing hours by timekeeper and task, including discovery subtasks. Based upon this assessment, Merck believes that the fee request be reduced by 6,015.2 hours, plus an additional 5.6% reduction related to the top-heaviness of the remaining hours, resulting in a total reduction of $3,927,453.53. Second, and independently, we present our objections to the timekeeper entries provided by Gilead. Based upon that assessment, we believe reductions in the amount of at least $3,886,555.32 are appropriate. Finally, and alternatively, in no event should Merck be forced to pay more than the amount that Gilead actually paid Fish & Richardson, $12,463,422.35, which would amount to a $1,698,380.65 reduction in the fees requested by Gilead.

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 2

I. **Objections and Proposed Reductions Based on the Tables of Hours by Timekeeper and Task**

   A. **By Task**

   1. **Motions for Summary Judgment**

   Merck objects that the fees sought by Gilead for time spent on the motions for summary judgment on lack of utility and infringement reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency.[1] According to Gilead's table of hours by timekeeper and task, sixteen Fish & Richardson timekeepers billed time to this task, including ten who billed at least ten hours (Allenspach Del Dotto (13.3), Booker (31.5), Chianelli (21.8), Cohen (18.6), Flanagan (101.4), McCann (38.1), Oakes (77.3), Sanchez (12.1), Singer (65.6), and Wheeler (23.2)). The division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency, as more attorneys get up to speed on the issues in the case. *See, e.g., Ramos v. Lamm*, 713 F.2d 546, 554–55 (10th Cir. 1983); *Willis v. City of Fresno*, 2014 WL 3563310, at *23 (E.D. Cal. July 17, 2014); *Stonebrae, L.P. v. Toll Bros.*, 2011 WL 1334444, at *13 (N.D. Cal. Apr. 7, 2011), *aff'd*, 521 F. App'x 592 (9th Cir. 2013); *Molony v. Crook Cty.*, 2009 WL 3275354, at *3-4 (D. Or. Oct. 13, 2009), *aff'd in relevant part*, 434 F. App'x 716 (9th Cir. 2011); *Esquivel v. Arau*, 913 F. Supp. 1382, 1393 (C.D. Cal. 1996). Accordingly, Merck seeks a 25% reduction in the number of hours in this category, from 420.2 hours to 315.1 hours, a reduction of 105.1 hours.

   2. **Infringement/Invalidity Contentions**

   Merck objects that the fees sought by Gilead for time spent on the infringement and invalidity contentions reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task, fifteen Fish & Richardson timekeepers billed time to this task, including nine who billed at least ten hours (Booker (177.2), Davey (14.2), Flanagan (150.1), Jhalani (60.7), McCann (50.6), Oakes (77.3), Sanchez (165.2), Singer (14.9), and St. Vincent (59.7)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, from 787 hours to 590.3 hours, a reduction of 196.7 hours.

---

[1] Merck maintains its objections that it should not have to pay any of Gilead's fees related to the motions for summary judgment of infringement and validity, claim construction, and Gilead's abandoned defenses because Merck prevailed with respect to each of those issues. *See, e.g., Beckman Inst., Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1554 (Fed. Cir. 1989) (explaining that "the amount of fees awarded to the 'prevailing party' should bear some relation to the extent to which that party actually prevailed"); Tr. of Hr'g on Gilead's Mot. for Att'y Fees, Dkt. 456 at 37:1-6 (inviting Merck to re-raise the issue in briefing on the amount of fees).

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 3

### 3.     Claim Construction

Merck objects that the fees sought by Gilead for time spent in this category reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task, fifteen Fish & Richardson timekeepers billed time to this task, including ten who billed at least ten hours (Booker (114.9), Farrell (36.6), Flanagan (188.1), Jhalani (27.4), McCann (135.7), Oakes (33.3), Sanchez (100.9), Singer (24.8), St. Vincent (62.9), and Warden (47.6)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, from 815.8 hours to 611.9 hours, a reduction of 203.9 hours.

### 4.     Post-Trial Motions and Proceedings

Merck objects that the fees sought by Gilead for time spent in this category reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task, twenty-two Fish & Richardson timekeepers billed time to this task, including nineteen who billed at least ten hours (Allenspach Del Dotto (109.2), Bandli (87.1), Booker (112.8), Brooks (57.6), Chianelli (15.8), Cohen (145.5), Countryman (60.5), Farrell (86.6), Flanagan (133.2), Florey (41.5), Headley (20.7), Hufnal (81.7), McCann (22.1), Oakes (270.2), Perez (12.1), Reichel (54.1), Singer (153.3), Vermeersch (79), and Warden (81.6)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, from 1628.9 hours to 1221.7 hours, a reduction of 407.2 hours.

### 5.     Discovery – Case Management & Strategy

Merck objects that the fees sought by Gilead for time spent on discovery case management and strategy are unreasonable. Fish & Richardson timekeepers billed a total of 2,251 hours to this task – the equivalent to a single attorney billing 40 hours per week for more than a year, and approximately 15.6% of all hours billed during discovery. These hours are excessive, and many of the billing entries that fall in this category are vaguely described tasks such as "work on discovery planning" and "work on expert strategy." At most, it would be reasonable to bill 7-10% of the total hours spent on discovery to such general case management and strategy tasks. Accordingly, Merck seeks a reduction in the number of hours in this category from 2,251 hours (15.6% of all hours billed in discovery) to 1,439.4 (10% of all hours billed in discovery), a reduction of 811.6 hours.

In the alternative, Merck objects that the fees sought by Gilead for time spent on discovery case management and strategy reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task, thirty Fish & Richardson timekeepers billed time to this task, including

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 4

nineteen who billed at least ten hours (Allenspach Del Dotto (105.7), Battersby (23.8), Booker (241.7), Brown-Marshall (88.6), Chianelli (12.0), Davey (81.8), Farrell (80.2), Flanagan (168.7), Florey (24.1), Jhalani (188.7), McCann (348.8), Oakes (343.2), Perez (53.8), Sanchez (74.1), Singer (82.15), St. Vincent (120.2), Warden (104.1), Wheeler (20.1), and Zhao (46.8)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, on the basis of inherent duplication alone, Merck alternatively seeks a 25% reduction in the number of hours in this category, from 2251 hours to 1688.3 hours, which is a reduction of 562.7 hours.

### 6.  Discovery – Document Review – Gilead Documents

Merck objects that the fees sought by Gilead for time spent on review of Gilead documents in discovery should be reduced by two-thirds. As Gilead has acknowledged, the review of Gilead documents for production in this case is inseparable from review of Gilead documents for production in other pending litigations between Gilead and Idenix Pharmaceuticals and AbbVie. *See* Dkt. 435 (Singer Decl.) ¶ 11; Dkt. 436 (Drobinski Decl.) ¶ 19. Although Gilead only seeks one-third of the fees attributable to work performed by its document review vendor, Deloitte, and by its staff attorney who worked with Deloitte, Ms. Hardin-Smith, Gilead seeks full compensation for the time that other Fish & Richardson timekeepers spent on review of Gilead documents. These tasks include hundreds of hours billed by Fish & Richardson timekeepers for training and supervision of Deloitte contract attorneys and quality control review of Deloitte contract attorneys' work. There is no principled distinction between these tasks and the tasks performed by Ms. Hardin-Smith that Gilead concedes must be reduced by two-thirds. Accordingly, Merck requests a reduction in the number of hours in this category from 3,990.1 hours to 1,330.0 hours, a reduction of 2,660.1 hours.

In the alternative, Merck objects that the fees sought by Gilead for time spent on review of Gilead documents in discovery reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task, thirty-five Fish & Richardson timekeepers billed time to this task, including twenty-five who billed at least ten hours (Allenspach Del Dotto (89.6), Anderson (64.5), Battersby (402.7), Booker (138.7), Chianelli (99.4), Doyle (161.6), Flanagan (15.7), Francis (10.9), Hardin-Smith (665.6), Hudson (515.3), Jhalani (104), Kothari (88), Mannapperuma (94.3), McCann (16.4), McClain (51.2), Oakes (169.7), Perez (587.2), Sanchez (37.9), Shmuel (37.5), Sobolev (220.7), St. Vincent (18.6), Warden (202.0), Wheeler (45.8), Woodage (13.4) and Yao (100.5)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, on the basis of inherent duplication alone, Merck seeks a 25% reduction in the number of hours in this category, from 2251 hours to 1688.3 hours, which is a reduction of 562.7 hours.

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 5

### 7. Discovery – Document Review – Merck/Isis Documents

Merck objects that the fees sought by Gilead for time spent on document review of Merck and Isis documents reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task for discovery sub-tasks, eighteen Fish & Richardson timekeepers billed time to this task, including twelve who billed at least ten hours and many timekeepers who billed a far greater number of hours (Allenspach Del Dotto (199.3), Booker (124.8), Chianelli (11.3), Davey (56.9), Flanagan (20.3), Jhalani (214), Oakes (29), Perez (19.4), Sanchez (245.3), St. Vincent (61.6), and Zhao (32.7)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, a reduction of 266.8 hours.

### 8. Discovery – Written Discovery

Merck objects that the fees sought by Gilead for time spent on written discovery reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task for discovery sub-tasks, seventeen Fish & Richardson timekeepers billed time to this task, including thirteen who billed at least ten hours each and many timekeepers who billed a far greater number of hours (Allenspach Del Dotto (38.3), Booker (146), Farrell (22.2), Flanagan (18.1), Florey (11.5), Hufnal (54), McCann (90.7), Oakes (66.8), Sanchez (37.8) St. Vincent (188.2), Warden (126.2), Wheeler (11.2), and Zhao (44.1)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, a reduction of 218.2 hours.

### 9. Discovery – Third Party Discovery

Merck objects that the fees sought by Gilead for time spent on third party discovery reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task for discovery sub-tasks, seventeen Fish & Richardson timekeepers billed time to this task, including eight who billed at least ten hours each and many timekeepers who billed a much greater number of hours (Allenspach Del Dotto (21.9), Battersby (86.9), Booker (23.7), Farrell (12.2), McCann (23.6), Oakes (10.7), Sanchez (11.3), Warden (80.3)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, a reduction of 79.2 hours.

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 6

### 10. Discovery – Discovery Disputes & Strategy

      Merck objects that the fees sought by Gilead for time spent on discovery disputes and strategy reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task for discovery sub-tasks, nineteen Fish & Richardson timekeepers billed time to this task, including eleven who billed at least ten hours each and many timekeepers who billed a far greater number of hours (Allenspach Del Dotto (59), Booker (221.3), Farrell (38.1), Flanagan (31.2), Mabey (21.5), McCann (163), Sanchez (161.4), Singer (13.2), Warden (329.6), and Zhao (94.6)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, a reduction of 297 hours.

### 11. Discovery – Fact Depositions – Defended[2]

      Merck objects that the fees sought by Gilead for time spent defending depositions of Gilead and Pharmasset witnesses reflect an unreasonably high number of hours, as well as an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. By our calculation, the average number of hours spent preparing and defending each of the eleven fact witnesses whose depositions were taken was 139 hours. This is the equivalent of one lawyer working for nearly three and a half weeks on each witness. According to Gilead's table of hours by timekeeper and task for discovery sub-tasks, twenty-nine Fish & Richardson timekeepers billed time to this task, including twenty-five who billed at least ten hours each and many timekeepers who billed a far greater number of hours (Allenspach Del Dotto (57.9), Anderson (19), Booker (73.2), Castagnola (13.2), Chianelli (95.1), Drakulich (68.8), Farrell (145.1), Flanagan (34.7), Florey (67.6), Francis (114.7), Hannon (36.4), Hudson (16.5), Jhalani (45.7), McCann (46.2), McClain (26.4), Oakes (82), Perez (32.7), Ramsaroop (22.5), Rubens (46.4), Sanchez (94.4), Shear (73.3), Shmuel (12.8), Singer (101.7), Warden (37.9), Wheeler (77.2), and Zhao (52)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, a reduction of 375.8 hours.

### 12. Discovery – Fact Depositions – Taken[3]

      Merck objects that the fees sought by Gilead for time spent taking depositions of Merck and Isis witnesses reflect an unreasonably high number of timekeepers and thus inherent duplication of efforts and inefficiency. According to Gilead's table of hours by timekeeper and task for discovery sub-tasks, twenty-three Fish & Richardson timekeepers billed time to this task, including seventeen who billed at least ten hours each and many timekeepers who billed a far

---

[2] Merck notes that, during the meet-and-confer process, Gilead refused Merck's request to break down the hours spent on depositions by deponent or group of deponents.
[3] See note 2 above.

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 7

greater number of hours (Allenspach Del Dotto (252.8), Booker 109.8), Castagnola (12.8), Chianelli (83.2), Farrell (116.6), Flanagan (178.1), Hannon (12), McCann (75.9), Oakes (81), Perez (37.6), Ramsaroop (57.1), Rubens (11), Sanchez (255.8), Singer (31.4), Warden (83.2), Woodage (38.4), and Zhao (117.9)). As discussed above, the division of a task among many different billers has an inherent tendency to promote duplication of effort and inefficiency. Accordingly, Merck seeks a 25% reduction in the number of hours in this category, a reduction of 393.6 hours.

\*   \*   \*

**TOTAL PROPOSED REDUCTIONS BY TASK:  6,015.2 hours**

| Task | Proposed Reduction |
|---|---|
| Motions for Summary Judgment | 105.1 hours |
| Infringement/Invalidity Contentions | 196.7 hours |
| Claim Construction | 203.9 hours |
| Post-Trial Motions and Proceedings | 407.2 hours |
| Discovery – Case Management and Strategy | 811.6 hours |
| Document Review – Gilead docs | 2,660.1 hours |
| Document Review – Merck/Isis docs | 266.8 hours |
| Written Discovery | 218.2 hours |
| Third Party Discovery | 79.2 hours |
| Discovery Disputes & Strategy | 297 hours |
| Fact Depositions – Defending/Gilead-Pharmasset witnesses | 375.8 hours |
| Fact Depositions – Taking/Merck-Ionis witnesses | 393.6 hours |

**PERCENT REDUCTION:  23.5%**

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 8

### B. Overall Reduction for Top-Heaviness

In addition to the objections and proposed reductions by category identified above, Merck objects that the fees sought by Gilead reflect an unreasonable allocation of work between junior and senior attorneys. The work performed by Fish & Richardson attorneys on this case was divided almost evenly between senior attorneys (principals and of counsel) and junior attorneys (associates and staff attorneys). *See* Exhibit A (summary of hours and fees by timekeeper and position). Within certain categories, principals billed significantly more time than associates. For example, in the category of post-trial motions and proceedings, of the attorney hours spent, over 70% percent were billed by principals rather than associates. Similarly, in the category of document review of Gilead's own documents, one of the highest billers was principal Irene Hudson, who billed over 500 hours in that category (many for training of Gilead's contract attorneys at Deloitte). That allocation of work is unreasonably weighted toward senior attorneys, who have higher billing rates.[4] *See, e.g., Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 627 (6th Cir. 2004) (noting that the district court "reduced the lodestar amount by 25% to account for 'top-heavy' billing by partners for work that could have been performed by associates"); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 51 (S.D.N.Y. 2015) (reducing fee award because of "partner-heavy bills"); *Hernandez v. Taqueria El Grullense*, 2014 WL 2611214, at *3 (N.D. Cal. June 11, 2014); *Ingram v. World Sec. Bureau, Inc.*, 2013 WL 6664782, at *6 (N.D. Ill. Dec. 17, 2013).

A reasonable fee in this case should reflect at least a 2:1 allocation of hours between junior attorneys and senior attorneys. For the hours remaining of Gilead's fee request after Merck's suggested reductions above are applied, Merck seeks at least a 5.6% across-the-board reduction in fees, which corresponds to our present understanding of the amount the fees would be reduced if Fish & Richardson had allocated work between junior and senior attorneys according to a 2:1 ratio.[5]

---

[4] Even among associates, the allocation of work was unreasonably weighted toward more senior, higher-billing attorneys. For example, the three associates with the highest hourly billing rates—Joseph Warden ($604), Robert Oakes ($612), and Elizabeth Flanagan ($612)—were #1, #4, and #5 in terms of hours billed.

[5] The current calculation is demonstrated in the table below. For simplicity, the calculation has been done using Gilead's requested fees and hours without the task-by-task reductions proposed by Merck.

|  | Junior Attys. | Senior Attys. | All Attorneys |
|---|---|---|---|
| Actual Hours | 11,727.7 | 10,414.8 | 22,142.5 |
| Actual Fees | $5,715,291.37 | $7,633,020.90 | $13,348,312.27 |
| Adjusted Hours | 14,761.7 | 7,380.8 | 22,142.5 |
| Adjusted Fees | $7,193,832.83 | $5,409,430.80 | $12,603,263.63 |
| Reduction |  |  | $745,048.64 |
| Percent Reduction |  |  | 5.6% |

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 9

      C.      **Summary of Proposed Reductions Based on Table of Hours by Timekeeper and Task**

Gilead seeks a total of $14,155,722 for work performed by Fish & Richardson, reflecting 25,642.1 hours performed at a blended rate of $552.05 per hour. Merck proposes task-by-task reductions of 6,015.2 hours, or 23.5%, which would reduce the amount of compensable time to 19,626.9 hours and the amount of compensable fees to $10,835,030.15, a reduction of $3,320,691.85.[6] Merck proposes a further reduction of 5.6%, or $606,761.69, to account for the unreasonable allocation of work between junior and senior attorneys, which would reduce the amount of compensable fees for work performed by Fish & Richardson to $10,228,268.46, an overall reduction of $3,927,453.53.

**II.**      **Objections Based on Specific Billing Entries**

      A.      **Blocked Billing**

Merck objects to the timekeeper entries identified in Exhibit B (attached) on the grounds that those timekeeper entries reflect blocked billing practices. As we explained in our initial objections and earlier correspondence with you, blocked billing is a disfavored practice and courts routinely determine that a 10-30% reduction in fees for block-billed time is appropriate. *See, e.g., Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942 (9th Cir. 2007); *Oracle USA, Inc. v. Rimini Street, Inc.*, 2016 WL 5213917 (D. Nev. Sept. 21, 2016); *Kalani v. Starbucks Corp.*, 2016 WL 379623, at *7 (N.D. Cal. Feb. 1, 2016); *Ctr. for Food Safety v. Vilsack*, 2011 WL 6259891, at *8 (N.D. Cal. 2011). Merck has identified 12,290.28 hours in block-billed entries corresponding to $6,595,723.70 in fees. *See* Exhibit B. Merck seeks a 25% reduction of these fees, a reduction of $1,648,723.93.

      B.      **Vague Billing Entries**

Merck objects to the timekeeper entries identified in Exhibits C1-C6 on the grounds that each of those entries is too vague to meet Gilead's burden of proving that the work reflected therein was reasonable and necessary. The descriptions of work include such examples as "work on case coordination," "work on case strategy issue," "work on case facts," "work on contentions," and "work on case arguments," to name a few. Not only do these descriptions fail to establish that the work reflected in the individual entries is reasonable, but their repetitive use hinders assessment of whether the total number of hours spent on any given task was necessary and reasonable. Merck has identified 2,321.60 hours corresponding to $930,500.10 in such timekeeper entries. Merck seeks a 50% reduction in the fees attributable to those entries, a reduction of $465,250.05.

---

[6] Applying Fish & Richardson's actual blended rate of $552.05.

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 10

    C.    **Clerical & Administrative Tasks**

Merck objects to the timekeeper entries identified in Exhibit D on the grounds that they reflect clerical and administrative tasks that are not legal in nature, do not require any legal acumen to perform, and thus should not be compensable. These entries include time spent working on budgets and "revised work flow," maintaining internal files and dockets, coordinating with staffing agencies, and retrieving copies of documents. Merck has identified 680.34 hours corresponding to $184,967.92 in timekeeper entries falling in this category. Merck seeks to exclude these entries from the calculation of compensable fees in their entirety.

    D.    **Multiple Attendance at Depositions**

Merck objects to the timekeeper entries identified in Exhibit E on the grounds that they reflect the attendance of multiple attorneys at depositions, which was not necessary or reasonable and therefore is not compensable. To give one example, the deposition of Dr. Otto, a Gilead witness, was attended by two senior principals at Fish & Richardson, Messrs. Farrell and McCann, each billing over $700 per hour. Merck has identified 142.83 hours corresponding to $91,604.53 in fees for multiple attendance at depositions. Of that, Merck seeks to exclude 62.2 hours corresponding to $34,942.75, the amount billed by attorneys whose attendance at the depositions in question appears to have been duplicative.

    E.    **Document Review Tasks**

Merck objects to the timekeeper entries identified in Exhibit F on the grounds that they reflect document review tasks that also applied to Gilead's pending litigations with Idenix Pharmaceuticals and AbbVie. These tasks include, for example, supervising Deloitte contract attorneys, conducting quality control review of Deloitte contract attorneys' work, and preparing for and attending trainings for Deloitte contract attorneys. As explained in Part I.A.6 above, such tasks should be reduced by two-thirds in accordance with Gilead's concession that the time of Deloitte contract attorneys and Fish & Richardson's staff attorney Ms. Hardin-Smith must be reduced by that proportion. Merck has identified 1,973.54 hours corresponding to $889,415.83 in timekeeper entries that fall into this category. Merck seeks a two-thirds reduction in these amounts, a reduction of $592,973.53.

    F.    **Formerly Redacted Entries**

Merck objects to the timekeeper entries identified in Exhibits G and H on the grounds that they are not reliable evidence of the work performed by Fish & Richardson timekeepers and therefore do not support a conclusion that the work performed was reasonable and necessary. Merck originally objected to these entries on the grounds that they were redacted too severely (in some cases totally) to allow an assessment of reasonableness and necessity of the work performed. Merck understands that, following Merck's objection, attorneys at Fish & Richardson rewrote the timekeeper entries in an attempt to provide more detail. It is Merck's

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 11

understanding that these attorneys were not necessarily the attorneys who performed the work reflected in the redacted entries and originally authored their descriptions. Moreover, even to the extent that the attorneys rewriting the timekeeper entries were reviewing their own entries, the rewritten descriptions are not contemporaneous records of the work and are not the timekeeper records that Mr. Singer attested to having reviewed for reasonableness. *See* Dkt. 435.

For these reasons, Merck seeks a 50% reduction in the fees attributable to the timekeeper entries that were rewritten by Fish & Richardson attorneys following Merck's objection that the entries were too severely or totally redacted. These timekeeper entries, identified in Exhibits G and H, total 3158.6 hours and $1,880,136.44 in fees. For these entries, Merck seeks a reduction of $940,068.23.

G. **Formerly Redacted Entries Now Vague**

Merck objects to the timekeeper entries identified in Exhibit I on the grounds that they are too vague to support a finding that the work reflected therein was reasonable and necessary. In addition to the inherent lack of reliability in Fish & Richardson's rewritten timekeeper entries, many of the entries are exceedingly vague and fail to provide any more meaningful information than did the original, overly redacted entries. For example, replacing "analyze (redacted)" with "analyze case facts" does little to clarify precisely what work was performed and whether it was reasonable and necessary. Independent of its objection to the reliability of the new entries, Merck objects to the vague new entries for the reasons expressed in Part II.B. Merck has identified timekeeper entries corresponding to 2,826.59 hours and $1,560,840.33 in fees that fall into this category. Merck seeks a reduction of 50% for these entries, a reduction of $780,420.17.

H. **Summary of Proposed Reductions Based on Review of Specific Billing Entries**

Gilead seeks a total of $14,155,722 in fees for work performed by Fish & Richardson. Merck has identified a number of time entries for which it seeks a percent reduction or an outright exclusion from the calculation of compensable fees. The proposed reductions are as follows:

| Task | Proposed Reduction |
| --- | --- |
| Blocked Billing | $1,648,723.93 |
| Vague Billing Entries | $465,250.05 |
| Clerical & Administrative Tasks | $184,967.92 |
| Multiple Attendance at Depositions | $34,942.75 |

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 12

| Document Review Tasks | $592,973.53 |
|---|---|
| Formerly Redacted Entries | $940,068.23 |
| Formerly Redacted Entries Now Vague | $780,420.17 |

If the Court were to adopt these proposed reductions, adjusting for double-counting of entries that fall within more than one category of objections, the total reduction would be $3,886,555.32.[7]

## III. Objections Based on the Amount of Fees Actually Paid

Merck objects that in no event should the Court's award of fees for work performed by Fish & Richardson exceed the amount that Gilead actually paid. As Merck has maintained throughout this process, the amount of fees Gilead actually paid is strong evidence of what a reasonable fee should be for this case because it is the amount that two sophisticated entities agreed on in an arm's length transaction. Gilead has informed Merck that the amount it actually paid Fish & Richardson for work relating to this case was $12,463,422.35. Accordingly, Merck submits that in no event should the Court award fees for work performed by Fish & Richardson in excess of that amount. This would be a reduction of $1,698,380.65 from the amount Gilead has requested.

## IV. Conclusion

Gilead seeks a total of $14,155,722 in fees for work performed by Fish & Richardson in this case. Based on a review of the Court's requested table of hours by tasks and timekeeper, Merck proposes that the award should be reduced at least $3,927,453.53, to $10,228,268.46. The reasonableness of this proposal is confirmed by Merck's specific analysis of Fish & Richardson's timekeeper entries, which has identified at least $3,886,555.32 in reductions that should be made to the amount of fees requested by Gilead. In no event, however, should the Court award Gilead more than $12,463,422.35, the amount it actually paid to Fish & Richardson for its work on this case.

---

[7] If the Court were to adopt all of Merck's proposed reductions, the adjustment for double-counting of entries falling within more than one category of objections would be $764,998.23. The amount will vary if the Court rules differently.

WILLIAMS & CONNOLLY LLP

Joseph B. Warden
October 11, 2016
Page 13

      We are happy to discuss any of these objections with you and continue the meet and confer process, to the extent Gilead believes that it would be productive in further narrowing the issues before the Court.

Sincerely,

Jessica Rydstrom